FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2018 MAY 21 PM 12: 33

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

| | |
|---|---|
| MICHAEL MARINO, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:18-cv-355-FtM-29CM |
| | Judge: |
| THE SCHOOL BOARD OF LEE COUNTY, FLORIDA, a political subdivision of the State of Florida, | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, MICHAEL MARINO ("Marino" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1. This is an action brought under the federal Rehabilitation Act of 1973 ("Rehab Act"), as amended, for disability discrimination.

### PARTIES

2. The Plaintiff, MICHAEL MARINO ("MARINO") is an individual, a United States citizen and at all relevant times has been, and is, domiciled within Lee County, Florida.

3. Defendant, THE SCHOOL BOARD OF LEE COUNTY, FLORIDA ("Defendant") is a political subdivision of the state of Florida and oversees the public school system in and for Lee County, Florida. The Defendant was MARINO's employer. The Defendant receives in excess of $1,000,000.00 annually from the federal government in financial assistance.

1

## JURISDICTION AND VENUE

4.  This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5.  Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6.  **MARINO** began his employment with the Defendant in August 2012 as a 7th Grade teacher.

7.  **MARINO** always performed his assigned duties in a professional manner and was very well qualified for his position.

8.  **MARINO** always received positive performance reviews until he disclosed his disabilities to the Defendant during an interrogation.

9.  Section 504 of the Rehab Act prohibits recipients of federal financial assistance from discriminating against qualified individuals with disabilities in employment.

10. **MARINO** is a qualified person with a disability as he has an impairment of the neurological system (arachnoid cysts and advanced cerebral atrophy), which limits his ability to perform certain major life activities, including conscious thought and voluntary processes.

11. **MARINO** has a history of these impairments that limits major bodily functions and several major life activities. **MARINO**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

12. In December 2017, **MARINO** became the subject of a baseless complaint from a former student.

13. During the Defendant's interrogation, **MARINO** disclosed his disabilities for the first time.

14. In response, the Defendant sharply quizzed him regarding his disabilities, the specific diagnoses, the symptoms and whether he could continue teaching.

15. Prior to the interrogation, the Defendant had no knowledge of **MARINO**'s disabilities because he had never disclosed the same.

16. After a complete investigation, law enforcement and the Defendant both determined that the complainant's complaint was meritless.

17. Notwithstanding the same, on February 27, 2018, the Defendant elected to terminate **MARINO**'s employment, which will become effective in June 2018.

18. After **MARINO** disclosed his disabilities, the Defendant has refused to return **MARINO** to his classroom position.

19. Prior to the Defendant deciding not to renew his contract, **MARINO** advised the Defendant that he was fully able to perform the essential functions of his position.

20. The Defendant terminated **MARINO**'s employment because of his disability.

## COUNT I – VIOLATION OF THE REHAB ACT, AS AMENDED

21. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

22. At all relevant times, **MARINO** was an individual with a disability within the meaning of the Rehab Act.

23. Specifically, **MARINO** has physical impairments that substantially limit one or more of his major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

24. **MARINO** is a qualified individual with disabilities as that term is defined in the Rehab Act.

25. **MARINO** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of his job with the Defendant.

26. At all material times, **MARINO** was an employee and the Defendant was his employer covered by and within the meaning of the Rehab Act.

27. The Defendant was made aware and was aware of **MARINO**'s disabilities, which qualify under the Rehab Act.

28. The Defendant discriminated against **MARINO** with respect to the terms, conditions, and privileges of employment because of his disabilities.

29. The Defendant conducted itself with malice or with reckless indifference to **MARINO**'s federally protected rights.

30. The Defendant discriminated against **MARINO** in violation of the Rehab Act by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

31. The conduct of the Defendant altered the terms and conditions of **MARINO**'s employment and **MARINO** suffered negative employment action in the form of discipline and termination.

32. As a direct and proximate result of the violations of the Rehab Act, as referenced and cited herein, **MARINO** has lost all of the benefits and privileges of his employment and has

been substantially and significantly injured in his career path that was anticipated from his employment.

33.     As a direct and proximate result of the violations of the Rehab Act as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MARINO** is entitled to all relief necessary to make him whole.

34.     As a direct and proximate result of the Defendant's actions, **MARINO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Dated: May 17, 2018

Respectfully submitted,

Benjamin H. Yormak  
Florida Bar Number 71272  
Trial Counsel for Plaintiff  
Yormak Employment & Disability Law  
9990 Coconut Road  
Bonita Springs, Florida 34135  
Telephone: (239) 985-9691  
Fax: (239) 288-2534  
Email: byormak@yormaklaw.com